# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

SANDRA TAVAREZ, individually and on behalf of all others similarly situated,

    Plaintiff,

*vs.*

Case No. 2:20-cv-00977-JPS

TRANSWORLD SYSTEMS, INC.

    Defendant.

**FIRSTAMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, SANDRA TAVAREZ, individually and on behalf of all others similarly situated, against Defendant, TRANSWORLD SYSTEMS, INC. ("TSI") based on the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, for the illegal practices of Defendant who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from Plaintiff and other similarly situated Wisconsin consumers.

2. Plaintiff alleges TSI's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress

Page **1** of **9**

Case 2:20-cv-00977-JPS    Filed 06/30/20    Page 1 of 9    Document 7

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict-liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and, using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information as to the validation of a debt be provided in a collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

7. Plaintiff, on behalf of herself and all others similarly situated, seeks actual and statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

8. Plaintiff is a natural person.

9. At all times relevant to this lawsuit, Plaintiff was a citizen of, and resided in, the City of Menasha, Winnebago County, Wisconsin.

10. At all times relevant to the factual allegations of this Complaint, TSI was a for-profit corporation formed under the laws of the State of California.

11. TSI's principal place of business is located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

12. TSI's registered agent in Wisconsin is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

## III. JURISDICTION & VENUE

13. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

14. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because TSI is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS

15. TSI regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

16. TSI is a business whose principal purpose is the collection of defaulted consumer debts on behalf of third parties.

17. In attempting to collect debts, TSI uses the mails, telephone, the internet, and other instruments of interstate commerce.

18. TSI mailed, or caused to be mailed, a letter to Plaintiff dated February 4, 2020 (the "Letter").

19. A true and correct copy of the Letter is attached as ***Exhibit A***, except that portions of the Letter are redacted.

20. The Letter was mailed on or after the Letter's date.

21. The Letter sought to collect a defaulted Surge Credit Card account ("Debt"), which is issued by Celtic Bank.

22. The Debt was placed with TSI for purposes of collection.

23. The Debt's creditor was not the entity who placed the Debt with TSI for purposes of collection.

24. The Letter was TSI's first written communication to Plaintiff to collect the Debt.

25. The Letter contends Plaintiff owes the Debt.

26. The Debt arose out of transactions in which the money, property, insurance, or services that were the subject of those transactions were for personal, family and household purposes.

27. The Letter identified the Debt's creditor as "The Bank of Missouri."

28. The Letter's identification of the Bank of Missouri as the creditor was false.

29. In fact, as of the date of the Letter, the creditor was Celtic Bank.

30. The Debt's account number is also misidentified on the Letter.

31. The Letter failed to accurately, clearly, and unambiguously identify the creditor.

32. The unsophisticated consumer would be confused by the Letter's identification of the Bank of Missouri as the creditor when the creditor was actually the Celtic Bank.

33. The Letter also falsely states the amount of the Debt owed and fails to provide a date by which the past due amount was due and would be accepted.

Page **4** of **9**

Case 2:20-cv-00977-JPS   Filed 06/30/20   Page 4 of 9   Document 7

34. Plaintiff was confused by the Letter.

35. TSI has employees who study consumer behavior and the effectiveness of TSI's collection letters to get consumers to respond to those letters and pay money.

36. TSI carefully drafts the content and design of its collection letters so those letters maximize TSI's chances of collecting debts from unsophisticated consumers.

37. TSI carefully drafts the content and design of its collection letters to give TSI a competive advantage over other debt collection companies who compete with TSI to collect the same types of debts.

38. TSI intended that its Letter cause confusion so unsophisticated consumers would call TSI in response to receiving the Letter and thereby increase TSI's ability to collect the Debt.

39. The Letter deprived Plaintiff of truthful, non-misleading, information in connection with TSI's attempt to collect a debt.

### V. CLASS ALLEGATIONS

40. TSI's conduct toward Plaintiff is consistent with TSI's standardized policies and practices when attempting to collect debts from consumers using the templated letters in the form of *Exhibit A*. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

42. ***Class Definition.*** The Class consists of: All natural persons to whom Defendants mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin during a period beginning May 21, 2019, and ending June 11, 2020.

43. The identities of Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf Defendants attempted to collect debts.

44. ***Class Claims.*** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from TSI having mailed an initial written communication in the form of *Exhibit A* to such Class member.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

46. ***Numerosity.*** The Class includes more than 40 members and, therefore, is so muerous that joinder of all members would be impractical.

47. ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same standardized conduct by TSI with respect to each Class member.

48. ***Typicality.*** Plaintiff's claims are typical of Class because those claims arise from TSI's common course of conduct.

49. ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of Class members because she has no interests averse to Class members' interests. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Based on discovery and further investigation (including, but not limited to, TSI's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

52. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

53. TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

54. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

55. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

56. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

57. TSI's use and mailing of *Exhibit A* in an attempt to collect the Debt violated the FDCPA. Such violations include, but are not limited to:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) Falsely representing the character, amount, or legal status of any debt in violation of § 1692e(2)(A);

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

   (d) Collecting amounts (including interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law in violation of § 1692f(1);

   (e) Failing to provide the information required by § 1692g(a) including:

      (i) The amount of the debt in violation of § 1692g(a)(1); and

(ii) The name of the creditor to whom the debt is owed in violation of § 1692g(a)(2).

## VII. PRAYER FOR RELIEF

58. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against TSI, as follows:

(a) An Order certifying this case as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(d) An award to Plaintiff for services on behalf of the Class as determined by the Court's discretion;

(e) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(f) An award of actual damages to Plaintiff and the Class to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and,

(g) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

59. Trial by jury is demanded on all issues so triable.

Respectfully submitted,

*s/Andrew T. Thomasson*

Dated: June 30, 2020

          *Andrew T. Thomasson*
Francis R. Greene (WI Bar # 1115577)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar # 2014133)
  *Attorneys for Plaintiff, Sandra Tavarez*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone: (973) 379-7500
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com
E-mail: katelyn@SternThomasson.com