# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SANDRA TAVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>Defendant. | Case No. 20-CV-977-JPS<br><br><br>**ORDER** |

## I. INTRODUCTION

On May 21, 2020, Sandra Tavarez ("Plaintiff") filed a complaint in Milwaukee County Circuit Court.[1] Therein, Plaintiff alleges that Transworld Systems, Inc. ("Defendant") violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. (Docket #1-1 at 5). On June 29, 2020, Defendant filed a notice of removal, which, in turn, brought this matter before the Court. (Docket #1). The next day, Plaintiff filed an amended complaint on behalf of herself and a class pursuant to Federal Rule of Civil Procedure 23. (Docket #7). Thereafter, Defendant filed an answer, a motion to stay and compel arbitration, and an amended answer. (Docket #10, #12, #16). Plaintiff filed a motion to compel discovery and to stay Defendant's motion. (Docket #17). The Court has reviewed the parties' submissions and determines that it does not have subject-matter jurisdiction over Plaintiff's complaint. For the reasons described in the

---

[1] *Tavarez v. Transworld Systems, Inc.*, 2020CV003088 (Milwaukee Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2020CV003088&countyNo=40 (last visited July 12, 2021).

balance of this Order, the Court will remand this case to the Milwaukee County Circuit Court.

**2.    FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiff's amended complaint, Plaintiff was issued a Surge Credit Card by Celtic Bank. (Docket #7 at 4). After Plaintiff defaulted on her account, Defendant sought to collect Plaintiff's debt. (*Id.*) Defendant sent Plaintiff a letter, dated February 4, 2020, in which Defendant directed Plaintiff to make payments on her account. (Docket #7-1). Plaintiff alleges that Defendant's letter contained numerous errors. Specifically, Defendant incorrectly identified Plaintiff's creditor as "The Bank of Missouri," not Celtic Bank, referenced an inaccurate account number, and "falsely state[d] the amount of the Debt owed and fail[ed] to provide a date by which the past due amount was due and would be accepted." (Docket #7 at 4).

Plaintiff claims that Defendant (1) used false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e; (2) falsely represented the character, amount, or legal status of any debt in violation of § 1692e(2)(A); (3) used a false representation or deceptive means to collect or attempt to collect any debt in violation of § 1692e(10); (4) collected amounts not expressly authorized by the agreement creating the debt or permitted by law in violation § 1692f(1); and (5) failed to provide the amount of the debt and the name of the creditor, in violation of § 1692g(a)(1)-(2). (*Id.* at 7–8). Plaintiff avers that Defendant purposefully used false and inaccurate information in the letter to "cause confusion so unsophisticated consumers would call [Defendant] in response . . . and thereby increase [Defendant's] ability to collect the Debt." (*Id.* at 5). Plaintiff avers Defendant's letter confused her and "deprived [her] of truthful, non-

misleading, [sic] information in connection with [Defendant's] attempt to collect a debt." (*Id.*)

As discussed, *supra*, Defendant filed a motion to stay and compel arbitration. (Docket #12). In response, Plaintiff noted that Defendant initially raised the following affirmative defense: "Plaintiff has not incurred an injury in fact, and plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims." (Docket #10 at 15, #18 at 2). However, in August 2020, Defendant filed a motion to amend its answer, in which it sought to "withdraw the affirmative defense [of standing] to help narrow the issues before the Court as the case progress[ed] . . . ."(Docket #11 at 2). Plaintiff flagged Defendant's waiver of its standing-based affirmative defense, correctly contending that a federal court is obliged to confirm its jurisdiction. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (noting that because the district court was responsible for policing its own jurisdiction *sua sponte*, it had the "duty to look beyond the allegations of the complaint to determine" whether it had jurisdiction to hear the plaintiff's claim). Plaintiff acknowledges that, should the Court determine that Plaintiff lacks standing, the Court must remand this case back to state court.[2] (Docket #20 at 3). *See Bourdeau v. Credit Acceptance Corp.*, 16-cv-397-wmc, 2016 WL 7217863, at *2 (W.D. Wis. Dec. 13, 2016) ("Because the court lacks subject matter jurisdiction over this action, it must grant plaintiff's motion to

---

[2]Without providing any authority, Plaintiff also asserts that "[i]f the Court . . . has concerns about [Plaintiff's] standing, it must direct briefing . . . ." (Docket #20 at 3). Because the Court conclusively determines that Plaintiff lacks standing, and thus, it does not have subject-matter jurisdiction, the Court cannot, at this juncture, order further briefing from the parties.

remand."). Therefore, the Court will treat Plaintiff's remarks as a request for remand pursuant to 28 U.S.C. § 1447(c).[3]

3. **LEGAL STANDARD**

Standing is considered an "essential ingredient of subject-matter jurisdiction," and, as such, is a "threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve "cases" and "controversies." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (quoting U.S. Const. art. III, § 2, cl. 1). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). In other words, the plaintiff must show that he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). An "injury in fact" is both (1) particularized, meaning that it affects the plaintiff in a personal and individual way, and (2) concrete, meaning that the injury actually exists. *Spokeo*, 136 S. Ct. at 1548.

4. **ANALYSIS**

The Court finds that Plaintiff has failed to plead an injury in fact. According to Plaintiff, Defendant sent a letter to Plaintiff that was riddled with inaccurate information. (Docket #7 at 7–8). Although Plaintiff states that Defendant's actions violated several provisions of the FDCPA, Plaintiff

---

[3]Pursuant to § 1447(c), "[i]f at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

states that Defendant's letter merely confused Plaintiff and deprived her of truthful, non-misleading information. (*Id.* at 5).

To be sure, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. This means that "the fact that Congress has authorized a plaintiff to sue a debt collector who 'fails to comply with any requirement of the [FDCPA]'" does not mean that a plaintiff automatically has standing. *Casillas*, 926 F.3d at 333 (quoting 15 U.S.C. § 1692k(a)). A plaintiff's allegations that a defendant violated multiple provisions of the FDCPA, without any allegation of a concrete injury, are insufficient to confer standing. Because Plaintiff alleges that Defendant's letter deprived her "of truthful, non-misleading, [sic] information" and caused her confusion, the Court addresses whether such deprivation and confusion are injuries in fact. (Docket #7 at 5).

Framing Plaintiff's allegation of deprivation another way, Plaintiff is arguing that her creditor owed her correct and thorough correspondence. This allegation is "nothing more than a 'bare procedural violation.'" *Casillas*, 926 F.3d at 334 (quoting *Spokeo*, 136 S. Ct. at 1549). In *Casillas*, the plaintiff claimed that the defendant violated § 1692g(a) of the FDCPA when it sent her a letter that "neglected to specify that [the plaintiff's] notification or request under [§ 1692g(a)(4), (a)(5)] must be *in writing*." *Id.* at 332. The Seventh Circuit concluded that the plaintiff did not allege that the defendant's actions "harmed or posed any real risk of harm to her interests under the [FDCPA]" because the plaintiff "did not allege that she tried to dispute or verify her debt orally" as opposed to in writing, "and therefore lost or risked losing the statutory protections." *Id.* at 334. The plaintiff

> complained only that her notice was missing some information that she did not suggest she would ever have

> used. Any risk of harm was entirely counterfactual: she was
> not at any risk of losing her statutory rights because there was
> no prospect that she would have tried to exercise them.

*Id.* Like the plaintiff in *Casillas*, Plaintiff complains that her letter from Defendant was missing information in violation of § 1692g(a). Plaintiff also avers that Defendant purposefully included incorrect and misleading information in violation of §§ 1692e and 1692f. However, as *Casillas* and its progeny make clear, a plaintiff's mere receipt of a letter that does not comport with the FDCPA does not necessarily constitute an injury. *See, e.g.*, *Nettles v. Midland Funding, LLC*, 983 F.3d 896, 898–900 (7th Cir. 2020) (holding that the plaintiff, who received a dunning letter that misstated the balance of her debt, did not have standing to sue because she did "not allege that the statutory violations harmed her in anyway or created any appreciable risk of harm to her. . . . [H]er only injury is receipt of a noncompliant collection letter"); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020) (holding that plaintiffs did not state an injury resulting from their receipt of a letter that omitted certain information about interest because the letter did not "detrimentally affect[] the [plaintiffs'] handling of their debts."). Plaintiff has not indicated that her receipt of a letter with missing or misleading information affected her response to her debt. Therefore, Plaintiff's "deprivation," without more, is insufficient for purposes of standing.

The Court also makes short work of Plaintiff's claim that Defendant's letter confused her. Again, the Seventh Circuit has squarely decided that one's mere confusion over a letter containing FDCPA violations is not an injury in fact. For "confusion" to cause an injury, a plaintiff must be "confused or misled to their detriment by the statements in the dunning

letters, or otherwise relied to their detriment on the contents of the letters." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020); *see also Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020) ("A debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe . . . . But the state of confusion is not itself an injury.") Plaintiff only alleges that Defendant's letter confused her. (Docket #7 at 5). Because Plaintiff does not suggest that her confusion caused her to act to her detriment, she has not pleaded an injury in fact. Because Plaintiff has not alleged an injury in fact, she does not have standing. Thus, this Court is without subject-matter jurisdiction to entertain this matter in the first instance.

5.  **CONCLUSION**

Based on the foregoing, the Court will remand this case to the Milwaukee County Circuit Court. Therefore, the Court will summarily deny the following motions as moot: Defendant's motion to stay and compel arbitration (Docket #12), and Plaintiff's motion to compel discovery and to stay Defendant's motion (Docket #17).

Accordingly,

**IT IS ORDERED** that Defendant's motion to stay and compel arbitration (Docket #12) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery and to stay Defendant's motion (Docket #17) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **REMANDED** to the Milwaukee County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 12th day of July 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge